WRITTEN RECORD OF PLEA AGREEMENT
U.S. MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

FILED _____ LODGED
_____ RECEIVED _____ COPY

OCT 0 3 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

CASE NO.: 19-04218mJ-001-PCT-CDB

UNITED STATES OF AMERICA v. **SAMUEL HAWKINS EDWARDS**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 1 of the Complaint:** Illegal whitewater boat trip, without a permit, on the Colorado River and in a Park Area, in violation of 36 C.F.R. § 7.4(b)(3), a Class B Misdemeanor.
**Count 2 of the Complaint:** Illegal Camping in Backcountry of a Park Area, in violation of 36 C.F.R. § 2.10(b)(8), a Class B misdemeanor.

MAXIMUM FINE (18 U.S.C. § 3571): $5,000 per count
MAXIMUM IMPRISONMENT (18 U.S.C. § 3581): Six months per count
MAX. PROBATION/SUPERVISED RELEASE (18 U.S.C. §§ 3561, 3583): Five Years' Probation per count
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00 per count

**RULE 11(c)(1)(C), Fed. R. Crim. P., Stipulated Sentence:**
**Count 1 of the Complaint:** The defendant shall be sentenced to time served. Fine, in addition to the mandatory special assessment of $10.00, in the amount of $1,000.00.
**Count 2 of the Complaint:** The defendant shall be sentenced to one year of probation. Whether the probation is supervised or unsupervised is in the discretion of the Court. In addition to any terms of probation the Court deems appropriate, the defendant's probation shall include the following special condition: the defendant shall be banned during the term of his probation from the Grand Canyon National Park, the Glen Canyon National Recreation Area, the Lake Mead National Recreation Area, the Zion National Park, and the Cedar Breaks National Monument, with the exception of traveling through any non-fee areas on any federal, state, and/or local highways or roads. No fine, but the defendant shall pay the mandatory special assessment of $10.00.

**RESTITUTION:** Not applicable.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentences are accepted by the Court, the United States Attorney's Office agrees: (1)

1

not to file any additional charges against the defendant concerning the conduct set forth in the affidavit supporting the Criminal Complaint in this case; (2) dismiss Count 3 of the Complaint with prejudice; and (3) not refer the matter to the state or local authorities for prosecution.  Nothing in this agreement prohibits the United States from providing any information to any state or local entities if so requested.

**WAIVER OF RIGHT TO COUNSEL:**  I, <u>Samuel Hawkins Edwards</u>, understand that I have the right to be represented by a lawyer at all stages of this case, including; before the trial; to evaluate a plea offer; at a trial; during proceedings to determine what sentence should be imposed if I am found guilty; and during any appeal.  I understand that, if I am unable to pay for all or a part of the expense of legal representation from available present income and assets, a lawyer will be furnished for me free of charge.  After reading and understanding all of the above, I hereby waive my right to a lawyer in this case.

_____          Oct - 3 - 19
Defendant                                               Date

**ELEMENTS OF OFFENSE(S):**  On or about April 25, 2019, within the District of Arizona, within the confines of the Grand Canyon National Park, an area within the jurisdiction of the National Park Service, the defendant:

> **Count 1 of the Complaint:** Did unlawfully conduct, lead, or guide a Colorado whitewater boat trip without a permit issued by the Superintendent of the Grand Canyon National Park.  36 C.F.R. § 7.4(b)(3).

> **Count 2 of the Complaint:** Did unlawfully camp in the backcountry without a permit when required.  36 C.F.R. § 2.10(b)(8).

**FACTUAL BASIS.**  I admit that the following facts are true and correct to the best of my knowledge and belief:

> On or about April 25, 2019, within the District of Arizona, within the confines of the Grand Canyon National Park, an area within the jurisdiction of the National Park Service, I participated in and conducted an illegal whitewater raft trip on the Colorado River through the Grand Canyon National Park with my girlfriend, Brandee Lee Walker.

> We did not have a permit for the raft trip and associated activities (such as camping).   During the trip, we repeatedly camped overnight in the backcountry without a permit.
>
> I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.   In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.   The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement.   I understand it, and I voluntarily agree and enter into it.

I, **Samuel Hawkins Edwards**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt.   I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

3

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

/////

4

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.


_____        Oct-3-19
Samuel Hawkins Edwards                    Date
Defendant, *Pro Se*


_____        10/3/19
Paul V. Stearns                          Date
Assistant U.S. Attorney


_____        10/3/19
Camille D. Bibles                        Date
U.S. Magistrate Judge


_____ ACCEPTED    _____ REJECTED